FILED

2011 Mar-07  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **DEBBIE KLEMM** | ) | **Case Number** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL COMPLAINT** |
| | ) | |
| **CAB ASSET MANAGEMENT, LLC** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Debbie Klemm, by and through her undersigned counsel, Virginia T. Applebaum, Esquire, complaining of Defendant, and respectfully avers as follows:

## I.  INTRODUCTORY STATEMENT

1.      Plaintiff, Debbie Klemm, is an adult natural person and she bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"),  which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District.

### III.  PARTIES

4.      Plaintiff, Debbie Klemm, is an adult natural person residing at 4730 Eastdale Lane, Cottondale, AL 35453.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, CAB Asset Management, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the states of Alabama and Maryland with a primary office located at 8725 Loch Raven Blvd., Towson, MD 21286.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      In or around the later part of November, 2010, Plaintiff started to receive calls from Defendant's agent, "Walker", in regards to a debt allegedly owed on an HSBC account.

8.      At that time, Plaintiff informed the Defendant's agent, "Walker", that she had recently lost her job and that she was unable to pay.

9.      Defendant's agent, "Walker", advised the Plaintiff to ask her husband for the money and that the Defendant would call Plaintiff back.

10.     On or about December 7, 2010, Defendant's agent, "Walker", called the Plaintiff back and put the Plaintiff on the phone with a supervisor.

11.     Plaintiff again tried to explain that she was not working and that she was not going to be able to pay at this time.

12.     Defendant's supervisor responded that she must have some money because her telephone was still turned on.

13.     Defendant's agent, 'Walker', then demanded to know if the Plaintiff's husband was employed.

14.     Defendant went on to further threaten the Plaintiff by telling her that Alabama was a "community property" state and that they will attach her husband's wages if Plaintiff fails to make a payment on the account.

15.     Fearful, that they would garnish her husband's wages, Plaintiff asked Defendant not to call her husband on the above referenced debt.

16.     Defendant's supervisor falsely told the Plaintiff that her husband was now liable for the Plaintiff's debt and that the Defendant would enforce the debt against her husband.

17.     Plaintiff was then informed that if she failed to make a payment that day that the file would be taken from the Defendant and would be sent directly to the courts.

18.     Defendant demanded that the Plaintiff set up a payment of $250.00 immediately or they would have no choice but to sue her.

19.     Plaintiff ended the call.

20.     Plaintiff continues to receive collection calls from the Defendant.

21.     As of the filing of this complaint, Defendant has never sent the Plaintiff anything in writing validating this debt.

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

23.     As a direct consequence of the Defendant's act, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

26.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff reputation, invasion of privacy, damage to Plaintiff credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### <u>COUNT I – FDCPA</u>

28.     The above paragraphs are hereby incorporated herein by reference.

29.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4): | Threatened seizure, garnishment or attachment for non-payment |
| §§ 1692e(5): | Threaten to take any action that cannot be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, CAB Asset Management, LLC, Inc. for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II – VIOLATIONS OF ALABAMA STATE LAW

31.     All paragraphs of this complaint are expressly adopted and incorporated herein as if fully set forth herein.

32.     Defendant repeatedly called Plaintiff in a harassing manner.  Plaintiff informed Defendant not to harass her, but her requests were not honored.  This constitutes harassment and invasion of privacy.

33.     Defendant negligently and/or recklessly hired, supervised, trained, or selected its employees and/or debt collectors who dealt with Plaintiff.  Defendant knew that its employees and/or agents were incompetent and knew or should have known that its employees and or agents would violate state and federal law but yet these incompetent debt collectors were used throughout the dealings with the Plaintiff.

34.     Defendant gave Plaintiff false and untrue statements as to collection processes as set forth in this complaint.

35.     Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about the Plaintiff as set forth in this complaint.

36.     Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the interests of justice require.


## V.  <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**


**Date:  February 11, 2011**          **BY:**  */s/ Virginia T. Applebaum*
                                                Virginia T. Applebaum, Esquire


                                                Virginia T. Applebaum, Esquire
                                                177 Addison Drive
                                                Calera, AL 35040
                                                Attorney for Plaintiff