# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| DEBBIE KLEMM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAB ASSET MANAGEMENT, LLC, )<br>)<br>Defendant. ) | Civil Action Number:<br>7:11-cv-0889-PWG |

## **MEMORANDUM OPINION**

This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.  On June 13, 2011, Plaintiff Debbie Klem, through counsel, filed a motion for entry of default against the Defendant, CAB Asset Management, LLC, under Rule 55(a), Fed. R. Civ. P.  (Doc. 5).  On June 14, 2011, the clerk entered such default based on Defendant's failure to appear or otherwise defendant.  (Doc. 6).  More than one year later, on June 27, 2012, with nothing having occurred in the case in the interim, the court entered an order requiring Plaintiff to show cause why the action is not due to be dismissed without prejudice for want of prosecution.  (Doc. 7).  The court further advised that a motion for entry of a default judgment under Rule 55(b), Fed. R. Civ. P., would also be an adequate response.  (*Id.*)  Plaintiff's deadline to respond to the show cause order, July 11, 2012, has come and gone with nothing

being filed.

While it is the policy of the federal courts to favor disposition of cases on their merits, *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1371 (11th Cir. 1982), there are circumstances in which courts may be required to exercise their authority in a manner that conflicts with that principle, as when a default judgment is entered against a defendant. *See African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1203 (11th Cir. 1999). Likewise, a court may dismiss a plaintiff's action *sua sponte* for lack of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). Whether to impose sanctions and their degree are matters committed to the discretion of the district court. *Equity Lifestyle*, 556 F.3d at 1240. However, "dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Such a sanction is not proper unless "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Id.* (quoting *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339 (11th Cir. 2005)). Thus, it is common in cases involving simple failure to prosecute or where it does not appear that the party, rather

than its attorney, may be at fault for a court to dismiss without prejudice. *See Justice v. United States*, 6 F.3d 1474, 1477 (11th Cir. 1993); *see also Betty K Agencies*, 432 F.3d at 1341; 9 C. Wright, A. Miller, M. Kane & R. Marcus, *Fed. Prac. & Proc. Civ.* § 2370 (3d ed.) ("[A]ppellate courts do not look favorably on a dismissal with prejudice [for want of prosecution] if there are lesser sanctions that could vindicate the purposes of Federal Rule 41(b), including the desire to avoid court congestion." (footnotes omitted)).

Here, after moving for and being granted an entry of default by the clerk under Rule 55(a), Fed. R. Civ. P., Plaintiff took no further action in the case for more than a year. The court thereafter entered a show cause order inviting Plaintiff to file a motion for a default judgment pursuant to Rule 55(b) but warning that if Plaintiff failed to do so, the action would be subject to dismissal for want of prosecution. Plaintiff has failed to respond to that show cause order. Therefore, the court concludes that this action is due to be DISMISSED WITHOUT PREJUDICE, as such sanction is appropriate and necessary to vindicate the court's interest in managing its docket. A separate final order will be entered.

DONE the 30th day of August, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE